UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **CV 25-9801-JFW(MARx)** | Date:  October 22, 2025 |

Title:      RealtyWorld Group -v- Kelly Smart, et al.

---

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

     On November 27, 2024, Plaintiff RealtyWorld Group ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendant Adonis Thorton ("Thorton") in Los Angeles County Superior Court. On October 14, 2025, Kelly Smart ("Smart") filed a Notice of Removal, alleging this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1]

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Smart bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

     In this case, the Court concludes that Defendant has failed to meet the burden of

---

[1] In the Notice of Removal, Smart states that he is named as a defendant in this action. Notice of Removal, ¶ 1. However, the only Defendant named in the Complaint attached to the Notice of Removal is Thorton. To the extent that Smart is not a party to this action, he had no standing to remove this action from Los Angeles County Superior Court to this Court. In addition, even if Smart is a party to this action, this action must be remanded for the reasons stated in this Order

demonstrating that removal is proper. Plaintiff's Complaint alleges a claim for unlawful detainer under state law. Although Defendant alleges in the Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction." *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted). In addition, "[f]ederal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the [Protecting Tenants at Foreclosure Act]." *Lender Servicing LLC v. Shokoor*, 2012 WL 2934996, at *4 (E.D. Cal. July 18, 2012). Moreover, to the extent that Defendant alleges there are defenses based on federal law, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Env't Remediation, L.L.C. v. Dept. of Health and Env't Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). As a result, there is no federal question jurisdiction presented by Plaintiff's action. Finally, it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. §1332. The amount demanded on the face of the Complaint is alleged not to exceed $10,000 – well below the statutory threshold of $75,000.00 – and Smart has failed to allege the citizenship of the parties.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.